WILLIAM T. KUSEL v. STATE OF NEBRASKA.

FILED MARCH 18, 1916. No. 19012.

Assault: ASSISTANT PROSECUTOR: ARGUMENT: INSTRUCTIONS. Record examined and found free from prejudicial error.

ERROR to the district court for Dawes county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Dolezal & Johnson,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Charles S. Roe, contra.*

FAWCETT, J.

Plaintiff in error, whom we will designate as defendant, was prosecuted in the district court for Dawes county, upon an information charging him with an assault upon one Ben Norman, with a "pistol," with intent to "wound and injure." He was found guilty of "assault" and sentenced to pay a fine of $50 and costs, from which he prosecutes error.

Defendant and Norman were driving loaded teams in opposite directions on the public highway. When they met an altercation arose in relation to "turning out." Defendant's wagon was loaded with baled hay, and the wagon of the other with coal. Defendant testified that Norman began throwing coal at him, and denied that he had any gun with him at the time. Other witnesses testified on the subject, but it is unnecessary to refer to their testimony, as there is no assignment of error on the ground of insufficiency of the evidence, and the brief concedes that defendant has not sufficient ground upon which to assail any of the rulings of the court in the admission or exclusion of evidence.

It is first urged that the information was defective by reason of the adding of the words "and injure" to the word "wound," in alleging the intent of the defendant in making the assault. We do not consider this objection serious enough to require extended discussion. It certainly was not prejudicial to defendant, as, if it had any effect at all, it was to minimize the intent of the defendant, as alleged in the information.

It is next urged that the court erred in permitting Mr. McDowell, a practicing attorney of the county, to assist in the prosecution. The appointment of Mr. McDowell was regularly made upon the motion of the county attorney. It was apparently satisfactory to defendant, as the

evidence preserved by a bill of exceptions settled on the hearing of the motion for a new trial shows without contradiction that, prior to the commencement of the trial, defendant requested the county attorney to take no part in the case himself, but to let Mr. McDowell conduct the entire prosecution. No objection was made to Mr. McDowell's acting in that capacity until after the jury had been impaneled and sworn. We think the assignment is without merit.

It is next urged that there was misconduct on the part of the county attorney in delaying the filing of the information until after the trial of two civil suits, in both of which defendant was a party and Norman figured as a witness. The bill of exceptions above referred to shows that the delay by the county attorney was at the request of defendant, who stated that the filing of the information and trial of the criminal case would prejudice him in the civil actions. He cannot complain of delay which he requested.

Misconduct on the part of Mr. McDowell in making his closing argument, in stating that certain witnesses, whose names appeared on the information, had been spirited away, is urged as error. The record of the trial does not show the making of any such statement by Mr. McDowell. It appears in the bill of exceptions above referred to. The charge is there made by affidavits filed by defendant and his counsel, which affidavits are met by a counter affidavit filed by the county attorney. In the affidavits filed by defendant and his attorney, they both state that, when Mr. McDowell made the statements complained of in his argument, defendant's counsel objected, and the trial court sustained his objection. The county attorney in his affidavit goes further, and states that the court not only sustained defendant's objection, but cautioned the jury that statements made by counsel were not evidence and should be disregarded by them. This contention must therefore fail.

It is next complained that the court erred in giving instruction No. 3. This instruction was the one in which the jury were advised as to the material allegations in the information. The complaint is that the court used the words "wound and injure" as they were used in the information. There was no prejudicial error in this.

It is next urged that the court erred in refusing to give instructions 5 and 7, requested by the defendant. Everything in these two instructions proper to be given to the jury was given in instructions 6, 12 and 13, given by the court on its own motion.

We are unable to find any prejudicial error in the record.

AFFIRMED.

SEDGWICK, J., not sitting.